1
2
3                        UNITED STATES DISTRICT COURT
4                             DISTRICT OF NEVADA
5                                    * * *
6   VINCENT H. PINDER,                        Case No. 3:16-cv-00742-MMD-WGC
7                          Plaintiff,                       ORDER
8        v.
9   HAROLD MIKE BYRNES, *et al.*,
10                        Defendants.
11

12  **I.      SUMMARY**

13          *Pro se* Plaintiff Vincent H. Pinder brings this civil rights action under 42 U.S.C. §

14  1983. Before the Court is a Report and Recommendation ("R&R") of United States

15  Magistrate Judge William G. Cobb (ECF No. 80) relating to Defendants' motion for

16  summary judgment ("Motion"). (ECF No. 55.) Judge Cobb recommends that this Court

17  grant in part and deny in part Defendants' Motion. (ECF No. 80 at 1.) Defendants have

18  filed a partial objection ("Objection") (ECF No. 87),[1] challenging only Judge Cobb's finding

19  that a genuine issue of material fact exists as to Plaintiff's retaliation claim against

20  Defendant Wayne Oakley. For the reasons stated below, the Court overrules the Objection

21  and adopts the R&R in its entirety.

22  **II.     BACKGROUND**

23          Plaintiff is an inmate in the custody of the Nevada Department of Corrections

24  ("NDOC") (ECF No. 80 at 1.) Plaintiff was incarcerated at Ely State Prison ("ESP") during

25  the time relevant to this action. (*Id.*) The Court incorporates by reference Judge Cobb's

26  recitation of the factual and procedural background as provided in the R&R (*Id.* at 1-4),

27  _____

28          [1]Defendants are Wayne Oakley and Melissa Travis. Defendant Harold Mike Byrne
    joined the Objection but did not join the Motion.

which the Court adopts.

## III.   LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* Where a party fails to object, however, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that a court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation").

In light of Defendants' Objection to part of the R&R, the Court conducts a de novo review to determine whether to adopt the ruling to which Defendants object. Having reviewed the R&R, the underlying briefs,[2] and the accompanying exhibits, the Court agrees with Judge Cobb and will adopt the R&R.

## IV.   DISCUSSION

Judge Cobb recommends that the Court grant summary judgment for Defendants on Plaintiff's Eighth Amendment claim based on allegations that Oakley denied him adequate work clothing in winter conditions and made him jump in the trash compactor. (ECF No. 80 at 26.) But Judge Cobb recommends that the Court deny summary judgement on Plaintiff's Eighth Amendment claim based on allegations that Oakley denied Plaintiff food, water, and restroom breaks, and on Plaintiff's First Amendment retaliation

---

[2]The Court has also reviewed Plaintiff's response to the Motion (ECF No. 77), and Defendants' reply (ECF No. 78). Plaintiff has not responded to the Objection and the time for filing a response has expired.

1   claims against Oakley and Melissa Travis. (*Id.* at 27.) Defendants object only to Judge

2   Cobb's recommendation that the Court deny summary judgment on the retaliation claim

3   against Oakley. (ECF No. 87 at 2-3.) The Court adopts Judge Cobbs' recommendations

4   to which Defendants have not objected. *Thomas*, 474 U.S. at 149.

5        As for Defendants' Objection, Defendant raised the issue of judicial estoppel for the

6   first time. In particular, Defendants contend that Judge Cobb erred in finding Plaintiff's

7   guilty plea at the disciplinary hearing should not estop Plaintiff from challenging the basis

8   of the disciplinary charges that Oakley brought. (*Id.* at 3.)[3]

9        Judicial estoppel "precludes a party from gaining an advantage by asserting one

10  position, and then later seeking an advantage by taking a clearly inconsistent

11  position." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001).

12  Judicial estoppel is intended to promote "the orderly administration of justice and regard

13  for the dignity of judicial proceedings" by preventing a litigant from "playing fast and loose

14  with the courts." *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990) (internal citations

15  and quotation marks omitted). Defendants fail to provide any authority establishing that

16  Plaintiff's disciplinary hearing is a "court" or "proceeding" such that judicial estoppel could

17  apply to Plaintiff's arguments against Oakley. The Court finds that the policy principles

18  underlying the doctrine of judicial estoppel caution against its application in this case.

19       As Judge Cobb explained, an inmate might enter a plea bargain on disciplinary

20  charges for many reasons "which may or may not mean he is actually guilty of the charge

21  against him." (ECF No. 80 at 18.) Here, before pleading guilty at the disciplinary hearing

22  Plaintiff stated, "[n]o one came to my door for a preliminary hearing. No one explained to

23  me what was going on . . .." (ECF No. 55-11 at 2.) These comments—seemingly indicating

24

25       [3]Because Defendants raise the issue of judicial estoppel for the first time in the
26  Objection, the Court need not consider it. *See Greenhow v. Sec'y of Health & Human
    Serv.*, 863 F.2d 633, 638-39 (9th Cir.1988), *overruled on other grounds*, *United States v.
    Hardesty*, 977 F.2d 1347, 1348 (9th Cir. 1992). However, the Court will consider
27  Defendants' argument because it is similar to Defendants' prior argument that Plaintiff's
    guilty plea prevents him from establishing the causation element of his retaliation claim.
28  (ECF No. 55 at 10.)

1  Plaintiff's confusion about the disciplinary process—are not addressed by Defendants.

2  Accordingly, Defendants have not established that Plaintiff "deliberately chang[ed]

3  positions" to gain any advantage. *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001).

4  For this reason, the Court agrees with Judge Cobb that Plaintiff's prior guilty plea should

5  not preclude him from now taking a contrary position. *See id.* (internal citations and

6  quotation marks omitted) ("Because the rule is intended to prevent improper use of judicial

7  machinery, judicial estoppel is an equitable doctrine invoked by a court at its discretion.")

8       The Court therefore adopts Judge Cobb's recommendation to deny summary

9  judgment on Plaintiff's retaliation claim against Oakley.

10  **V.    CONCLUSION**

11       The Court notes that the parties made several arguments and cited to several cases

12  not discussed above. The Court has reviewed these arguments and cases and determines

13  that they do not warrant discussion as they do not affect the outcome of the issue before

14  the Court.

15       It is therefore ordered that the Report and Recommendation of Magistrate Judge

16  Cobb (ECF No. 80) is accepted and adopted in full.

17       It is further ordered that Defendants' objection (ECF No. 87) is overruled.

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

4

It is further ordered that that Defendants' motion for summary judgment (ECF No. 55) is granted in part and denied in part. It is granted as to Plaintiff's Eighth Amendment claim based on Plaintiff's allegations that Oakley denied him adequate clothing for work in winter conditions and that Oakley required him to jump into the trash compactor. It is denied as to Plaintiff's Eighth Amendment claim based on allegations that Oakley denied Plaintiff food, water, and restroom breaks while he was working under Oakley's supervision between December 28, 2015, and February 4, 2016. It is also denied as to Plaintiff's First Amendment retaliation claims against Oakley and Travis.

DATED THIS 5th day of August 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

5